# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

| | | |
|---|---|---|
| EMMETT DALE MANNING, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action No. CV-12-S-4108-NE |
| | ) | |
| CITY OF SCOTTSBORO, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Emmett Dale Manning, filed this case on December 17, 2012, asserting claims against his former employer, the City of Scottsboro, for failure to pay overtime in violation of the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA").[1] The case currently is before the court on defendant's motion to dismiss.[2] Upon consideration of the motion, pleadings, and briefs, the court concludes the motion is due to be granted in part and denied in part.

## I. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b) permits a party to move to dismiss a complaint for, among other reasons, "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). This rule must be read together with Rule 8(a),

---

[1] *See* doc. no. 1 (Complaint).

[2] Doc. no. 5.

which requires that a pleading contain only a "short and plain statement of the claim

showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  While that

pleading standard does not require "detailed factual allegations," *Bell Atlantic Corp.*

*v. Twombly*, 550 U.S. 544, 550 (2007), it does demand "more than an unadorned,

the-defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662,

678 (2009) (citations omitted).  As the Supreme Court stated in *Iqbal*:

> A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." [*Twombly*, 550 U.S., at 555].  Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement."  *Id.*, at 557.
>
> To survive a motion to dismiss founded upon Federal Rule of Civil Procedure 12(b)(6), [for failure to state a claim upon which relief can be granted], a complaint must contain sufficient factual matter, accepted as true, to "state a claim for relief that is plausible on its face."  *Id.*, at 570.  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  *Id.,* at 556.  The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully.  *Ibid.*  Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"  *Id.*, at 557 (brackets omitted).
>
> Two working principles underlie our decision in *Twombly*. *First*, the tenet that a court must accept as true all of the allegations contained in a complaint is *inapplicable to legal conclusions*.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.  *Id.*, at 555 (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true,

2

we "are not bound to accept as true a legal conclusion couched as a factual allegation" (internal quotation marks omitted)). Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. *Second*, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id.*, at 556. Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. 490 F.3d, at 157-158. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged — but it has not "show[n]" — "that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).

> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. *When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.*

*Iqbal*, 556 U.S. at 678-79 (emphasis added).

## II. RELEVANT ALLEGATIONS OF PLAINTIFF'S COMPLAINT

Plaintiff, Emmitt Dale Manning, worked as a police officer for the City of Scottsboro, Alabama, from sometime in June 2004 until approximately July 5, 2012.[3] He served as a canine handler in the Police Department's K-9 Unit from approximately August of 2007 until his employment ended in July of 2012.[4] Plaintiff was required to house the canine in a kennel outside his home, and he was responsible

---

[3] Complaint ¶ 6.

[4] *Id.* ¶ 7.

3

for the canine at all times.[5]

Plaintiff's regular working hours were from 8:00 a.m. to 4:00 p.m. each day,[6] but he also received an extra thirty minutes' worth of compensation each day for time spent caring for the canine when he was off duty.[7]  Plaintiff apparently received that thirty minutes' worth of compensation in the form of time off work, because he also states in his complaint that he was allowed to leave work thirty minutes early each day "to compensate him for time spent caring for the canine at home."[8]  On days plaintiff was not scheduled to work, he did not receive any compensation for caring for the canine, despite the fact that the canine was housed in plaintiff's yard.[9]

Plaintiff described the amount of time he typically spent caring for the canine as follows:

> 16.    On days when he worked, Plaintiff spent approximately seventy-five (75) minutes caring for the canine while off-duty.  Plaintiff spent approximately thirty (30) minutes exercising the canine, approximately fifteen (15) minutes feeding the canine and cleaning his food and water bowls, and approximately thirty (30) minutes spraying down and cleaning the canine's kennel.
>
> 17.    On days Plaintiff was off-duty he spent approximately two (2) hours of unpaid time caring for the canine.   Plaintiff spent

---

[5] *Id.* ¶ 15.

[6] *Id.* ¶ 11.

[7] *Id.* ¶ 12.

[8] Complaint ¶ 13.

[9] *Id.* ¶ 14.

4

approximately seventy-five (75) minutes on training, obedience and exercise, approximately fifteen (15) minutes feeding the canine and cleaning his food and water bowls, and approximately thirty (30) minutes spraying down and cleaning the canine's kennel.

18.   Once a week Plaintiff spent approximately sixty (60) to ninety (90) minutes of unpaid time cleaning the canine's outside kennel with bleach and water.  During this time Plaintiff also changed out the cedar shavings that lined the canine's kennel.

19.   Once a week Plaintiff spent approximately sixty (60) to ninety (90) minutes of unpaid time cleaning the canine's car kennel with bleach and water.  Plaintiff also vacuumed the canine's hair out of the patrol car during this time.

20.   Once every two weeks Plaintiff spent approximately two (2) hours of unpaid time bathing and brushing the canine.

21.   Once a month Plaintiff spent approximately fifteen (15) minutes of unpaid time administering the canine's medication.[10]

Defendant knew that plaintiff was caring for the canine while off-duty, but it nevertheless "willfully refused to pay Plaintiff for this compensable time."[11]  Plaintiff also frequently complained to his commanding officers — including Sergeant David Hancock, Captain Barry Capps, Sergeant Gary Shavers, and Lieutenant Daniel Pierce — that thirty minutes of compensation each day was not enough for the amount of off-duty time he spent caring for the canine.[12]  Despite plaintiff's complaints,

---

[10] *Id.* ¶¶ 16-21.

[11] *Id.* ¶ 26.

[12] *Id.* ¶ 27.

"[d]efendant willfully refused to pay Plaintiff for the time he worked in excess of forty (40) hours a week."[13]  Defendant also "willfully violated the FLSA by failing to pay Plaintiff an overtime premium rate of pay for work he performed in excess of forty (40) hours a week."[14]

> Based on those factual allegations, plaintiff asserts that defendant
>
> willfully violated the FLSA by failing to keep accurate records showing all the time it permitted or required Plaintiff to work, which resulted in the denial of compensation, either at a regular rate or an overtime premium rate for all time worked in excess of forty (40) hours in a workweek, as required by the FLSA.[15]

Plaintiff also asserts that defendant "willfully violated the FLSA by permitting or requiring Plaintiff to perform work in excess of forty (40) hours a week without paying him any overtime compensation for this time."[16]

As relief for defendant's alleged violations, plaintiff requests:  a declaratory judgment that defendant has violated his rights under the FLSA; damages, including compensation for unrecorded overtime work plus interest, post-judgment interest, liquidated damages, and exemplary damages; and litigation costs, including attorney's fees and expert fees.[17]

---

[13] Complaint ¶ 28.

[14] *Id.* ¶ 29.

[15] *Id.* ¶ 31.

[16] *Id.* ¶ 32.

[17] *Id.* at 6-7 (Prayer for Relief).

## III. DISCUSSION

### A.    Exemplary Damages

Defendant first asserts that plaintiff's claim for exemplary damages should be dismissed because such damages are not recoverable under the FLSA.  *See, e.g., Bolick v. Brevard County Sheriff's Dept.*, 937 F. Supp. 1560, 1566 (M.D. Fla. 1996) ("Punitive and emotional damages are not available under the FLSA.") (citations omitted).  Plaintiff concedes this point in his response brief.[18]  Accordingly, all claims for exemplary damages will be dismissed.

### B.    Statute of Limitations and Willfulness

The statute of limitations on FLSA claims generally is two years, but it increases to three years for claims involving willful violations.  29 U.S.C. § 255(a).  Defendant asserts that plaintiff has not adequately alleged claims for willful violations of the FLSA, and that the statute of limitations therefore cannot be extended to three years.  Thus, according to defendant, all claims for compensation earned prior to December 17, 2010 — or two years before the December 17, 2012 filing date — are time-barred.[19]

---

[18] Doc. no. 8 (plaintiff's brief), at 1-2 ("Plaintiff agrees to voluntarily dismiss his claim for exemplary damages, as he is in agreement that they are not recoverable in this case.").

[19] Defendant's brief actually states that the relevant date is December *21*, 2010, not December *17*, 2010.  The court assumes that is a typographical error, as plaintiff's complaint undeniably was filed on December *17*, 2012.  Plaintiff also does not appear to dispute that the statute of limitations is three years *at most*, and he consequently is not seeking damages for any

Defendant asserts that plaintiff's allegations of willful violations of the FLSA are too conclusory to survive a motion to dismiss. Plaintiff uses the word "willfully" several times in his complaint. He states that defendant "*willfully* refused to pay Plaintiff for . . . compensable time,"[20] "*willfully* refused to pay Plaintiff for the time he worked in excess of forty (40) hours a week,"[21] "*willfully* violated the FLSA by failing to pay Plaintiff an overtime premium rate of pay for work he performed in excess of forty (40) hours a week,"[22] "*willfully* violated the FLSA by failing to keep accurate records showing all the time it permitted or required Plaintiff to work,"[23] and "*willfully* violated the FLSA by permitting or requiring Plaintiff to perform work in excess of forty (40) hours a week without paying him any overtime compensation for this time."[24] Defendant asserts that these allegations do not "satisfy the requirement of showing that the employer knew or showed reckless disregard for whether its conduct was prohibited by the statute."[25] Defendant also asserts that plaintiff's

---

violations occurring prior to December 17, 2009. *See* doc. no. 8, at 2 ("Plaintiff is entitled to a three year statute of limitations due to Defendant's willful violation of the FLSA. Plaintiff filed his complaint on December 17, 2012, establishing the start of the relevant liability period as December 17, 2009.").

[20] Complaint ¶ 26 (emphasis supplied).

[21] *Id.* ¶ 28 (emphasis supplied).

[22] *Id.* ¶ 29 (emphasis supplied).

[23] *Id.* ¶ 31 (emphasis supplied).

[24] *Id.* ¶ 32 (emphasis supplied).

[25] Doc. no. 6 (defendant's brief), at 6.

acknowledgment that he was allowed to take off thirty minutes each day to compensate him for time spent caring for the canine demonstrates "an intent on the part of the defendant to comply with a requirement that canine handlers be compensated for time caring for the animal."[26]   Finally, defendant points out plaintiff's failure to allege that he ever formally requested any compensation for hours on a time sheet for which he was not paid.

The court does not agree with defendant that these deficiencies are fatal to plaintiff's claim of a willful violation.  Defendant is correct that, "[t]o show a willful violation of the FLSA[,] Plaintiff must show 'that the employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute.'" *Cohen v. Allied Storage Buildings, Inc.*, 554 F. Supp. 2d 1331, 1335 (S.D. Fla. 2008) (quoting *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 130 (1988)) (alterations supplied).  Even so, plaintiff has alleged sufficient facts to satisfy that burden at the pleading stage.  Specifically, he alleges that defendant knew he was performing work while off-duty, but failed to compensate him for that work.[27]   He also alleges that he frequently complained to his commanding officers that he was not being adequately compensated for his canine care duties.[28]   Finally, he alleges that

---

[26] *Id.*

[27] Complaint ¶ 26.

[28] *Id.* ¶ 27.

defendant failed to keep accurate records of the time he worked, which suggests that defendant may have been willfully blind to whether he was owed overtime pay.[29] These allegations are sufficient to state a claim that defendant knew or showed reckless disregard for whether its conduct was in violation of the FLSA.

Because plaintiff has adequately pled a claim for willful violations of the FLSA, the three-year statute of limitations governing willfulness claims will apply, and plaintiff will be permitted to pursue claims for compensation allegedly earned from December 17, 2009 forward.[30]

## IV.  CONCLUSION AND ORDERS

In accordance with the foregoing, defendant's motion to dismiss is GRANTED in part and DENIED in part.  It is ORDERED that all claims for exemplary damages are DISMISSED with prejudice.  It is further ORDERED that all claims for unpaid wages and overtime allegedly earned prior to December 17, 2009 are DISMISSED.

**DONE** this 30th day of January, 2013.

_____
United States District Judge

---

[29] *Id.* ¶ 31.

[30] If, of course, the evidence later demonstrates that plaintiff cannot sustain his claim for willful violations of the FLSA, the two-year statute of limitations will apply, and plaintiff will only be permitted to recover for injuries sustained after December 17, 2010.